IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS G. PARRY, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>WESTMORELAND COUNTY, ERIC )<br>ZONAS; THOMAS GRACE; and, )<br>DEBRA ANN PEZZE, )<br>)<br>Defendants ) | Civil Action No. 10-1308<br>Judge Terrence F. McVerry<br>Chief U.S. Magistrate Judge Lisa Pupo Lenihan |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### RECOMMENDATION

It is recommended that the complaint be dismissed in part, pursuant to the authority granted courts by the Prison Litigation Reform Act (PLRA), for failure to state a claim upon which relief can be granted and, consequently, that the Honorable Debra Ann Pezze be dismissed as a party-defendant.

### REPORT

Thomas G. Parry, ("Plaintiff") is currently incarcerated at SCI-Mahoney. Plaintiff has filed pro se a civil rights complaint under 42 U.S.C. §§ 1983, 1985(3), 1986 and 1988. ECF No. 3 at 1. The sole allegation against Judge Debra Ann Pezze is that "Defendant Pezze's inaction to advance Plaintiff's state post-conviction [proceedings] in any manner works to deprive Plaintiff a forum for redress of grievance contrary to Article 1, Section 1, of the Constitution of the Commonwealth of Pennsylvania and the 1st amendment to the United States." ECF No. 3 at 7, ¶ 25. Because Judge Debra Pezze of the Court of Common Pleas of Westmoreland County enjoys

absolute judicial immunity, Plaintiff's claims against her should be dismissed and she should be dismissed as a party defendant from this action.

**A. Applicable Legal Principles**

In the PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of oftentimes frivolous and harassing law suits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis and permitted courts to sua sponte screen such prisoner complaints and dismiss pre-service such complaints or portions of complaints if they are, *inter alia*, frivolous or fail to state a claim. Here, Plaintiff has been granted IFP status, ECF No. 2, and is a prisoner within the meaning of 28 U.S.C. § 1915.[1] Thus, Section 1915(e)(2) screening is applicable herein.

Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to

---

[1] The term "prisoner" as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

state a claim.").

In addition, because Plaintiff is a prisoner suing Judge Pezze, who is a government officer or employee, the screening provisions of 28 U.S.C. § 1915A, apply as well. Moreover, under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim or that is frivolous but the court is required to do so. Nieves v. Dragovich, No. CIV.A.96-6525, 1997 WL 698490, at *8 (E.D. Pa. Nov. 3, 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. S 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted."), aff'd, 175 F.3d 1011 (3d Cir. 1999)(Table).

In performing a court's mandated function of *sua sponte* reviewing complaints under 28 U.S.C. § 1915(e) and § 1915A to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Powell v. Hoover, 956 F.Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F.Supp. 134, 135 (E.D. Va.) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997). This power of the federal courts to screen claims includes the ability to screen State law claims made in federal court, in addition to federal law claims. See, e.g., McGee v. Mayo, 211 F.App'x 492, 494 (7th Cir. 2006)("These claims as well as his state law claims are too frivolous to warrant

3

further discussion, and we accordingly conclude that the district court correctly dismissed them at the screening stage for failing to state a claim upon which relief can be granted."); Gregg v. Pettit, No. 07-1544, 2009 WL 57118, at *4 n.3 (W.D.Pa., Jan. 8, 2009) ("The plain language of the statute referring to a 'civil action' includes any suit brought in federal court even those which include supplemental state law claims, and permits federal courts to screen state law claims brought in the federal courts.").

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and § 1915A and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See Estelle v. Gamble, 429 U.S. 97 (1976). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6), and hence, also under the PLRA screening provisions. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994); Lloyd v. U.S., No. 99 C 3347, 1999 WL 759375, at *1 (N.D. Ill. Sept. 3, 1999) ("As the court may take judicial notice of public records without converting a motion to dismiss to a motion for summary judgment, *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994), the court will take judicial notice of court records in conducting its initial review under § 1915A.").

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative

level, . . . on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(capitalization changed, internal parentheses omitted).  Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  Dismissal is proper under Rule 12(b)(6), and hence, under the PLRA screening provisions, where the court determines that the uncontradicted facts alleged, taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law. See, e.g., Gould Electronics, Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

**B. Discussion**

Plaintiff's complaint essentially alleges that Judge Pezze is violating his State and Federal Constitutional rights by somehow not acting in his PCRA proceedings.

**1. Absolute Judicial Immunity**

The Honorable Debra Ann Pezze, as a member of the State judiciary, is entitled to have the complaint dismissed against her on the basis of absolute judicial immunity because all of the allegations contained in the complaint show Plaintiff dealt with Defendant Pezze solely in her capacity of presiding over Plaintiff's PCRA proceedings.

The doctrine of judicial immunity bars civil suits against judicial officers who are acting in their judicial capacity, i.e., whose challenged actions are taken in the course of their judicial

5

activities and whose actions are not lacking jurisdiction. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam). Moreover, the doctrine of judicial immunity renders a judge not only immune from damages but also immune from suit. Id., at 11 ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Here, the complaint makes clear that the actions taken or not taken by Judge Pezze and, complained of by the Plaintiff, were actions taken in her judicial capacity and thus, judicial immunity bars this suit. Moreover, even allegations of procedural irregularities, failures to comply with the law or acting in bad faith are not sufficient to overcome absolute judicial immunity. Figueroa v. Blackburn, 208 F.3d 435 (3d Cir. 2000)(failure to comply with state court rule did not strip judge of immunity). See also Mireles, 502 U.S. at 11 ("judicial immunity is not overcome by allegations of bad faith or malice").

To the extent that the Plaintiffs' requested relief can be construed as a request for injunctive relief against Judge Pezze, such claims for injunctive relief are likewise subject to the bar of judicial immunity. What the court held in Fox v. Lee is equally applicable here:

> Section 1983 precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff's complaint does not allege that either of these prerequisites to injunctive relief were met, and therefore his claim for injunctive relief is dismissed as well. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir.1999) (holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Ackermann v. Doyle*, 43 F.Supp.2d 265, 273 (E.D.N.Y.1999) (dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or that declaratory relief was unavailable); *Reilly v. Weiss*, No. 97-CV-05883, 1998 WL 1110695, at *1 n. 3 (D.N.J. June 15, 1998)(same).

Fox v. Lee, 99 F.Supp.2d 573, 575-76 (E.D. Pa. 2000). Hence, any claims for injunctive relief

should be dismissed as well.

Pennsylvania State law also provides for absolute judicial immunity for any State law claims. See, e.g., Feingold v. Hill, 521 A.2d 33, 36 (Pa.Super. 1987)("the law in Pennsylvania is well established that judges are absolutely immune from liability for damages when performing judicial acts, even if their actions are in error or performed with malice, provided there is not a clear absence of all jurisdiction over the subject matter and person"), *allocatur denied*, 529 A.2d 1081 (Pa. 1987). It appears that such absolute judicial immunity under Pennsylvania State law is afforded not only for damages suits but also for equitable actions. See, e.g., Urbano v. Meneses, 431 A.2d 308, 311 (Pa.Super. 1981)(affirming dismissal of a case commenced in equity against zoning board members, finding that "the members of the zoning board enjoy judicial immunity and have no legal responsibility in this case."). Hence, any State law claims against Judge Pezze must be dismissed, as well, for failure to state a claim upon which relief can be granted. Because Judge Pezze enjoys absolute judicial immunity from both State law and federal law claims, she must be dismissed as a party defendant pursuant to the screening provisions of the PLRA.

### 2. The Complaint is factually frivolous

In the alternative, the complaint against Judge Pezze should be dismissed as factually frivolous. See, e.g., Phillips v. Puckett, 103 F.3d 127 (Table), 1999 WL 195297, at *4 (5th Cir. 1996) ("A complaint is factually frivolous, if the facts alleged are 'clearly baseless.'"); Deutsch v. U.S., 67 F.3d 1080, 1085 (3d Cir. 1995)("Section 1915(d) also authorizes the dismissal of a complaint as factually frivolous if a court determines that the contentions are clearly baseless.").

Plaintiff's sole contention is that Judge Pezze is guilty of "inaction to advance Plaintiff's state post-conviction [proceedings] in any manner works to deprive Petitioner of a forum for

7

redress of grievance. . . ." ECF No. 3 at 7, ¶ 25. See also id., at 4, ¶ 12 (Plaintiff citing his criminal law case that underlies the current complaint as being at Criminal Case No. "5021 Criminal 2007"). We take judicial note of the dockets of the Court of Common Pleas of Westmoreland County in the case of Commonwealth v. Thomas Gorley Parry, No. CP-65-CR-0005021-2007,[2] and those dockets reveal that the PCRA proceedings are in fact moving forward. Those dockets reveal that Plaintiff filed his pro se PCRA petition on June 23, 2010, and an amended PCRA petition on June 28, 2010 and yet another PCRA petition on July 15, 2010. It was not until August 2, 2010 that Petitioner filed a motion to proceed in forma pauperis in the PCRA court. On September 22, 2010, Judge Pezze granted the IFP motion and appointed an attorney, whom she ordered to file an amended counseled petition within 30 days.[3] On October 18, 2010, Judge Pezze ordered Plaintiff's PCRA counsel to file an amended counseled PCRA petition by November 21, 2010 or a no-merit letter by then. An amended PCRA petition was filed by Plaintiff's PCRA counsel as of October 27, 2010. Further, an order granting counsel's motion to withdraw was filed by Judge Pezze on November 4, 2010 and new counsel was appointed for

---

[2] Those dockets are available at:

http://ujsportal.pacourts.us/DocketSheets/CP.aspx

(Site last visited 11/8/2010).

[3] We note that Plaintiff signed his application to proceed IFP in this Court on August 30, 2010, ECF No. 1 at 1, and this Court did not receive his IFP motion, accompanied by his complaint, until October, 7, 2010. Thus, it seems that Plaintiff apparently drafted his complaint sometime before Judge Pezze granted his IFP motion in the PCRA court but Plaintiff mailed his complaint to this Court only after Judge Pezze had granted his IFP motion. Furthermore, we find that any "delay" between Plaintiff's filing of his IFP motion in the PCRA Court on August 2, 2010 and Judge Pezze's ruling on that motion on September 22, 2010, violates none of Plaintiff's rights.

Plaintiff that same date. Accordingly, because the PCRA proceedings were, and are, moving forward, the complaint against Judge Pezze should be dismissed as being factually frivolous.

Lastly, the complaint against Judge Pezze should be dismissed with prejudice because amendment would be futile.

**CONCLUSION**

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation, a copy of which is being sent to Plaintiff along with the Report. Failure to timely file objections may constitute a waiver of any appellate rights.

Lisa Pupo Lenihan
Chief U.S. Magistrate Judge

Dated: November 9, 2010

cc: Thomas G. Parry
JN-2161
SCI Mahoney
301 Morea Road
Frackville, PA 17931