IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS G. PARRY | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 10-1308 |
| | ) | Judge Terrence F. McVerry/ |
| WESTMORELAND COUNTY, ERIC | ) | Chief U.S. Magistrate Judge Lisa Pupo Lenihan |
| ZONAS; THOMAS GRACE; and, | ) | |
| DEBRA ANN PEZZE, | ) | |
| | ) | |
| Defendants | ) | Re: ECF No. [20] |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### RECOMMENDATION

It is recommended that Defendant Zona's motion to dismiss be granted and that the complaint be dismissed for failure to state a claim upon which relief can be granted. It is further recommended that the Court decline to exercise supplemental jurisdiction over any State law claims.

### REPORT

Thomas G. Parry ("Plaintiff") is currently incarcerated at SCI-Mahanoy. Plaintiff has filed *pro se* a civil rights complaint under 42 U.S.C. §§ 1983, 1985(3), 1986 and 1988. ECF No. [3] at 1. As a result of prior proceedings, the sole remaining Defendant is Eric Zona[1] ("Defendant" or "Zona"), who is a Pennsylvania State trooper. Zona engaged in a traffic stop of Plaintiff, which eventually lead to Plaintiff being convicted of, *inter alia*, driving under the

---

[1] Defendant's name is listed in the caption as "Eric Zonas." The correct spelling of the last name is "Zona." ECF No. [21] at 1.

1

influence. Plaintiff sues Zona for "malicious prosecution." Id., at 7, ¶ 23(a).[2] Although not entirely clear, it appears that Plaintiff may also be attempting to sue Zona for false arrest in connection with the initial traffic stop. See ECF No. [3] at 6, ¶ 19 (alleging an "unreasonable seizure under the 4th Amendment" in connection with the initial traffic stop). Because Plaintiff's putative claim for false arrest is time barred, the false arrest claim must be dismissed. Because disposition of Plaintiff's claim that Defendant Zona maliciously prosecuted him would require this court to, in effect, act as an appellate court to the Common Pleas Court's determination of the suppression motion, the claim is barred by the Rooker-Feldman doctrine and must be dismissed. Plaintiff also makes State law claims but because we recommend dismissing all federal law claims, the Court should decline to exercise supplemental jurisdiction over the State law claims.

### A. Relevant Procedural and Factual History

At the time of instituting this civil rights action, Plaintiff was a prisoner at SCI-Mahanoy. He is acting *pro se* and was granted leave to proceed *in forma pauperis* ("IFP"). ECF No. [2]. The operative complaint is ECF No. [3]. Although the operative complaint originally named four defendants, the Court *sua sponte* dismissed all claims against the honorable Debra Ann Pezze, who is a Judge on the Common Pleas Court of Westmoreland County, whom Plaintiff sued for her role in his criminal trial proceedings. In addition, after other defendants filed motions to dismiss the complaint, Plaintiff voluntarily withdrew his claims against all the remaining defendants except Defendant Zona. ECF No. [29].

---

[2] Although we cite to ¶ "23(a)," Plaintiff, in his complaint, transposed the numbers and so the paragraph coming immediately after ¶ 22, ECF No. [3] at 6, is listed as ¶ "32[.]" Id.

Defendant Zona filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), ECF No. [20], and a brief in support. ECF No. [21]. Plaintiff filed his response. ECF No. [26].

The operative complaint alleged the following facts. On July 12, 2007, Defendant Zona stopped Plaintiff's car, asserting that Plaintiff violated 75 Pa.C.S.A. § 3714.[3] ECF No. [3] at 3, ¶ 7. Following the stop, Defendant Zona apparently detected the odor of alcohol on Plaintiff and required Plaintiff to undergo a blood alcohol test. Id. at 4, ¶ 9. On July 26, 2007, a criminal complaint was filed by Defendant Zona, charging Plaintiff with, *inter alia*, 2 counts of driving under the influence; and 1 count of careless driving. Id. at ¶ 11. A preliminary hearing was held on December 5, 2007, at which Defendant Zona apparently testified, and the judicial officer determined that a *prima facie* case was established and the charges were bound over for trial. Id. On January 7, 2010, Plaintiff's bench trial commenced at Criminal Case No. 4021 of 2007. Id. at ¶ 12. Plaintiff was found not guilty of Careless Driving but was found guilty of, *inter alia*, 2 counts of driving under the influence. Id. at 4 to 5, ¶¶ 13 to 14. As a result of the convictions, Plaintiff was sentenced on April 20, 2010, to a maximum of five years. Id. at ¶ 16. On June 23, 2010, and July 13, 2010, Plaintiff filed a PCRA petition attacking those convictions. The Court takes judicial notice of the dockets of the Westmoreland County Court of Common Pleas in Plaintiff's criminal case and notes that his PCRA petition was denied on February 28, 2011.[4]

---

[3] 75 Pa.C.S.A. § 3714 provided then, as it does now, that: "General rule.--Any person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving, a summary offense."

[4] The docket of Commonwealth v. Parry, No. CP-65-CR-0005021-2007 is available at:

    http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?docketNumber=CP-65-CR-0005021-2007

(site last visited 3/30/2011).

The Court further notes that Plaintiff only recently filed an appeal to the Superior Court which is currently pending.[5]

**B. Applicable Legal Standards**

As the United States Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the Complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). Nevertheless, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by,* 275 F.3d 1187 (9th Cir. 2001). Nor must the Court accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). Furthermore,

---

[5] The dockets of Plaintiff's appeals in the Superior Court are available at

http://ujsportal.pacourts.us/DocketSheets/SuperiorCourtReport.aspx?docketNumber=510 WDA 2011

http://ujsportal.pacourts.us/DocketSheets/SuperiorCourtReport.aspx?docketNumber=511 WDA 2011

(sites last visited 3/30/2011). It is not clear why there are two appeals pending.

it is not proper for a court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and items appearing in the record of the case when adjudicating a motion to dismiss under Rule 12(b)(6). Winer Family Trust v. Queen, 503 F.3d 319, 328 -29 (3d Cir. 2007); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994) (in adjudicating motions to dismiss, courts may "consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."). In addition, the Court of Appeals in Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004), held that a "defendant may submit an indisputably authentic [document] to the court to be considered on a motion to dismiss[.]"

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the indisputably authentic exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those un-contradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Twombly, 550 U.S. at 555. Or, put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In addition, because Plaintiff was, at the time of the filing of this civil action,[6] a prisoner and because he named governmental entities or employees thereof as defendants, the screening provisions of the Prisoner Litigation Reform Act ("PLRA") found at 28 U.S.C. § 1915A apply herein. In addition, because he was a prisoner, granted leave to proceed IFP to prosecute this suit, the screening provisions of 28 U.S.C. § 1915(e) also apply. The court's obligation to dismiss a complaint under the PLRA screening provisions for complaints that fail to state a claim is not excused even after defendants have filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, the court may nonetheless *sua sponte* rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See Lopez; Dare v. U.S., CIV.A.06-115E, 2007 WL 1811198, at *4 (W.D.Pa. June 21, 2007), *aff'd*, 264 F.App'x 183 (3d Cir. 2008).

Furthermore, because Plaintiff is *pro se*, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

**C. Discussion**

We first consider Plaintiff's claim of malicious prosecution. The elements of a malicious prosecution claim are as follows:

> (1) the defendant [in the malicious prosecution civil suit] initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted

---

[6] See, e.g., In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997) ("If a litigant is a prisoner on the day he files a civil action, the PLRA applies."); Colby v. Sarpy County, No. 4:01CV3130, 2006 WL 519396, at *1 (D. Neb. March 1, 2006) ("The status of the plaintiff at the time the lawsuit is initiated, i.e., whether the plaintiff is incarcerated when the complaint is filed, determines whether the PLRA applies to a case.").

maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Camiolo v. State Farm Fire and Cas. Co., 334 F.3d 345, 362-3 (3d Cir. 2003); Lippay v. Christos, 996 F.2d 1490, 1502 (3d Cir. 1993) ("We have recognized such a claim [i.e., a malicious prosecution claim] under section 1983, so long as the plaintiff proves the existence of the elements of the common law tort of malicious prosecution.").

Defendant Zona argues, *inter alia*, that the malicious prosecution claim is barred by the Rooker-Feldman doctrine. We agree.

As explained by the Court of Appeals for the Third Circuit:

> The *Rooker-Feldman* doctrine embodies the principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983): "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations or to evaluate constitutional claims that are 'inextricably intertwined with the state court's [decision] in a judicial proceeding.'" *Marks v. Stinson*, 19 F.3d 873, 885 n. 11 (3d Cir.1994).

Thomas v. Miner, 317 F.App'x 113, 114 n.1 (3d Cir. 2008). We find that the present suit requires this court to, at the very least, "evaluate constitutional claims that are inextricably intertwined with the state court's [decision]" in the suppression proceedings.

We take note that Plaintiff did file a motion to suppress in the State criminal proceedings. ECF No. [28-2] at 22 to 23, ¶¶ 19 to 24. His trial counsel apparently argued the illegality of Defendant Zona's act in initially stopping Plaintiff's car. Id., at 23, ¶ 21 ("Trial counsel clearly advanced a claim that there was no basis for Defendant's [i.e., Plaintiff's] traffic stop, which was denied" by the suppression Court). The suppression Court found no Fourth Amendment violation, i.e., the suppression Court found that Defendant Zona, in engaging in the stop and

initiating the charges, possessed reasonable suspicion and/or probable cause as to the Careless Driving charge. Such a finding essentially checkmates Plaintiff's attempt to establish here, as he must, that Defendant Zona initiated the proceedings of charging Plaintiff with Careless Driving without probable cause. At the very least, we find that Plaintiff's attempts to establish here that the Careless Driving charge was initiated without probable cause runs afoul of the Rooker-Feldman doctrine because establishing such a claim here requires us to evaluate constitutional claims that are inextricably intertwined in the State court's suppression decision.

Plaintiff did argue before the State courts that his acquittal of the criminal charge of Careless Driving essentially overturned the suppression Court's finding of probable cause. ECF No. [28-2] at 13. To the extent that Plaintiff would raise the same argument here, he is simply wrong. A determination by Judge Pezze, in Plaintiff's bench trial that the prosecution failed to adduce evidence beyond a reasonable doubt to convict Plaintiff of Careless Driving has no effect whatsoever on the suppression Court's finding that probable cause existed to support Defendant Zona's initial stop or arrest of Plaintiff. See H.D. Warren, Annotation, Acquittal, Discharge or Discontinuance of Criminal Charges as Evidence of Want of Probable Cause, 59 A.L.R.2d 1413, § 2(a) (1958) ("The majority rule is that an acquittal in a criminal prosecution is not, per se, prima facie evidence, in an action for malicious prosecution based thereon, of want of probable cause for instituting the prosecution, and, standing alone, is insufficient to sustain a finding of want of probable cause.") (citing *inter alia*, Van Sant v American Express Co. , 158 F.2d 924 (3d Cir. 1946), *vacated on reh'g on other grounds,* 169 F2d 355 (3d Cir. 1947); Byers v. Ward, 84 A.2d 307 (Pa. 1951)).[7]

---

[7] See also RESTATEMENT (SECOND) TORTS § 667 cmt. d (1977) which provides that

(. . . footnote continued)

Moreover, we suspect that Plaintiff is, in fact, collaterally estopped by the suppression Court's ruling from even attempting to establish the lack of probable cause for Defendant Zona's initial traffic stop. See, e.g., Crawford v. Frimel, 337 F.App'x 211 (3d Cir. 2009); Simmons v. O'Brien, 77 F.3d 1093, 1095 (8th Cir. 1996); Briggs v. Godby, No. 08-5329, 2009 WL 4756390, at *5-*6 (E.D.Pa. Dec. 10, 2009). However, without the suppression hearing transcript, suppression motions filed by Plaintiff, and the suppression Court's opinion, we cannot make this determination. If however, Plaintiff files objections to this Report, the Defendant is directed to respond to Plaintiff's objections by, at least, filing with this Court, copies of the suppression hearing transcript, Plaintiff's suppression motions and any stipulations made by Plaintiff's counsel in the suppression proceedings and the suppression Court's opinion(s) if any, and Defendant should briefly analyze the issue of collateral estoppel as it applies herein.

Plaintiff also invokes Section 1985(3). The elements of a Section 1985(3) which is the only applicable subsection, are: (1) conspiracy; (2) for purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of laws, or of equal privileges and immunities under laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of citizen of the United States; more specifically, the second element requires showing of a class-based, invidiously discriminatory animus behind conspirators' action. Lucero v. Operation Rescue of Birmingham, 954 F.2d 624, 627-28 (11th Cir. 1992). However, Plaintiff's conspiracy claim is

---

> The fact that the accused was acquitted after trial by a magistrate or court is properly regarded as immaterial in determining the existence or nonexistence of probable cause. The existence of probable cause depends upon the accuser's reasonable belief in facts which, if true would justify his belief in the guilt of the accused, while an acquittal by a magistrate or court merely shows that the evidence produced at the trial was not sufficient to remove all reasonable doubts as to the guilt of the accused.

based upon Plaintiff establishing the fact that Defendant Zona conspired to maliciously prosecute him, when they:

> a) Made false careless driving charge [sic] the basis of their malicious prosecution whith [sic] full knowledge Plaintiff's driving conduct did not meet any elements of that offense that they carried through without any legal justification that concluded in Plaintiff's favor at trial. b) By their malicious and unconstitutional use of Plaintiff's blood sample/test results at trial to obtain false convictions enumerated at paragraph 14. c) By unlawfully imprisioning [sic] Plaintiff for 5 years or for a period of time to be proven at trial or by amending this Complaint.

ECF No. [3] at 7 ¶ 23 (wrongly numbered ¶ "32"). Such allegations are likewise barred by the Rooker- Feldman doctrine as they would require this court to evaluate Plaintiff's constitutional claims that are inextricably intertwined with the State court's decisions in Plaintiff's criminal proceedings. In addition, to the extent that any of the allegations necessarily call into question Plaintiff's conviction on the DUI and other charges for which he was found guilty, they would be barred by Heck v. Humphrey, 512 U.S. 477 (1994). Hence, Plaintiff's Section 1985(3) claim must be dismissed for failure to state a claim upon which relief can be granted due to the Rooker-Feldman doctrine.

The complaint also fails to state a cause of action under Section 1986. The rule is "[b]ecause transgressions of § 1986 by definition depend on a preexisting violation of § 1985, if the claimant does not set forth a cause of action under the latter, its claim under the former necessarily must fail also." Rogin v. Bensalem Township, 616 F.2d 680, 696 (3d Cir. 1980). Because we determined that Plaintiff necessarily fails to state a claim under Section 1985 due to the Rooker-Feldman doctrine, his Section 1986 claim must be likewise dismissed, dependent, as it is, on first establishing a Section 1985 claim. See Clark v. Clabaugh, 20 F.3d 1290, 1296 (3d Cir. 1994) ("In order to maintain a cause of action under § 1986, the plaintiffs must show the existence of a § 1985 conspiracy. Any issue of material fact in a § 1986 action presupposes and

relates to a § 1985 conspiracy. Thus, if the elements of the § 1985 conspiracy are missing, a § 1986 cause of action is properly dismissed on summary judgment.").

Plaintiff also invoked 42 U.S.C. § 1988. Section 1988 deals with three things: 1) the applicability of "the common law" as modified by State constitutional and statutory law, which shall provide a source of law where federal law is not adequate to serve the purpose; 2) the award of attorney's fees; and 3) the award of expert fees. As none of these provide a cause of action, Plaintiff has no claim under Section 1988 and so Defendant Zona is entitled to have the Section 1988 claim dismissed against him. See, e.g., Black v. Pacific Maritime Ass'n, 213 F.3d 641 (Table), 2000 WL 329404, *1 (9th Cir. 2000) ("§ 1988 does not create an independent cause of action for the violation of federal civil rights"); McLaughlin v. City of LaGrange, 662 F.2d 1385, 1388, n.1 (11th Cir. 1981) (same); Johnson v. Ryder Truck Lines, Inc., 575 F.2d 471, 474 (4th Cir. 1978) ("Section 1988 in itself does not create any cause of action. . . ."); Petaccio v. Davis, No. CIV.A. 02-2098, 2002 WL 32356393, at *3 (E.D.Pa. Oct. 9, 2002) ("Section 1988 does not create any independent cause of action."), *aff'd*, 76 F.App'x 442 (3d Cir. 2003).[8]

Lastly, it is respectfully recommended that the Court decline to exercise supplemental

---

[8] It is possible that Plaintiff may also be trying to raise a false arrest/false imprisonment claim against Defendant Zona. See ECF No. [3] at 6, ¶ 19 (alleging "unreasonable seizure under the 4th Amendment"); id. at 8, ¶ (b) (alleging that as a consequence of Defendant's acts, Plaintiff was "unjustly arrested, prosecuted, convicted and imprisoned. . . ."). See also ECF No. [26] at 1 ("Defendant Zona's illegal actions [were] undertaken when he stopped the Plaintiff's vehicle without reasonable suspicion or probable cause to arrest him."). To the extent that Plaintiff is attempting to raise a false arrest claim, we find that any such claim is barred by the applicable two year statute of limitations under the reasoning of Wallace v. Kato, 549 U.S. 384, 388- 90 (2007), given that Plaintiff's preliminary hearing was conducted on December 5, 2007, ECF No. [3] at 4, ¶ 11, which would be the latest any such cause of action accrued. However, the earliest Plaintiff is deemed to have filed his complaint, pursuant to the prisoner mail box rule would be August 30, 2010, the date whereon he signed his IFP application. August 30, 2010 is more than two years and eight months after December 5, 2007.

jurisdiction over any State law claims given that all federal law claims should be dismissed. Bonenburger v. Plymouth Township, 132 F.3d 20, 23 n.1 (3d Cir. 1997) ("where federal claims are dismissed before trial, the district court 'must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'") (quoting Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995)). See also 28 U.S.C. § 1367(c)(3) (which permits a district court to "decline to exercise supplemental jurisdiction over a [State law] claim . . . if [it] has dismissed all claims over which it has original jurisdiction"). Here, the appropriate considerations do not provide an affirmative justification for retaining supplemental jurisdiction and deciding matters of State law.

**CONCLUSION**

Pursuant to the Magistrate Judges Act, 28 U.S.C. §636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry, reflecting the filing of this Report and Recommendation, a copy of which is being sent to Plaintiff along with the Report. Failure to timely file objections will constitute a waiver of any appellate rights. Brightwell v. Lehman, __ F.3d __, 2011 WL 635274, *5 n.7 (3d Cir. Feb. 9, 2011). Any party opposing objections may file their response to the objections in accordance with Local Civil Rule 72.D.2.

_____
Lisa Pupo Lenihan
Chief U.S. Magistrate Judge

Dated: March 31, 2011

cc: Thomas G. Parry
 JN-2161

SCI Mahanoy
301 Morea Road
Frackville, PA 17931

All Counsel of Record via CM-ECF