IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| THOMAS G. PARRY | ) |
|---|---|
| Plaintiff | ) ) ) |
| vs. | ) Civil Action No. 10-1308 ) Judge Terrence F. McVerry |
| WESTMORELAND COUNTY, ERIC ZONAS; THOMAS GRACE; and, DEBRA ANN PEZZE, | ) Chief U.S. Magistrate Judge Lisa Pupo Lenihan ) ) ) |
| Defendants | ) Re: ECF No. [5] |

## **MEMORANDUM ORDER**

Plaintiff has filed a motion for stay of this case and for a preliminary injunction, seeking to have this court enjoin his ongoing PCRA proceedings in State Court. ECF No. [5].

In light of the fact that contemporaneously today, the undersigned issued a Report that recommends dismissal of all of Plaintiff's federal claims and that the District Court should decline to exercise any supplemental jurisdiction over Plaintiff's State law claims, there would be no good reason to stay this case. A stay would simply delay the inevitable, i.e., dismissal of the federal claims.

As for Plaintiff's request that this court enjoin his ongoing PCRA proceedings in the State Court, Plaintiff's request is denied. Plaintiff has not shown, as is his burden[1] that any such

---

[1] "A party claiming to fall within one of the exceptions to the [Anti-Injunction Act] has the burden of establishing the necessary facts to bring himself or herself within the exception relied upon." 42 Am. Jur. 2d Injunctions § 199 (2010) (citing Greyhound Corp. v. Leadman, 112 F.Supp. 237 (E.D.Ky. 1953)).

injunction is permitted by the Anti-Injunction Act. 28 U.S.C. § 2283.[2]

Alternatively, even if Plaintiff had shown that the relief he requested is authorized by the Act, he has failed to carry his heavy burden to show entitlement to an injunction. Among the many deficiencies, is Plaintiff's failure to establish irreparable harm. Plaintiff fails to explain why he cannot raise any alleged errors before the State Courts and seek relief therein. See, e.g., Younger v. Harris, 401 U.S. 37, 46 (1971) ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term."). If facing a criminal prosecution does not amount to irreparable harm, facing the litigation of PCRA proceedings, which Plaintiff himself instituted, cannot, *a fortiori*, be irreparable harm. Plaintiff also fails to show that any requests for relief in the State Courts, including his ability to appeal, is not adequate to protect Plaintiff's federal rights. See Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) (it is a movant's burden to show that the "preliminary injunction must be the *only* way of protecting the plaintiff from harm."). See also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 297 (1970) ("Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.").

**AND NOW**, this 31st day of March, Plaintiff's motion for stay is **DENIED**.

---

[2] The Anti-Injunction Act, 28 U.S.C. § 2283, provides as follows:

> [a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

**CONCLUSION**

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and LCvR 72.C.2, the parties are allowed to file an appeal to the District Judge in accordance with the schedule established in the docket entry, reflecting the filing of this order, a copy of which is being sent to Plaintiff along with this order. Failure to timely file an appeal to the District Judge will constitute a waiver of any appellate rights. Brightwell v. Lehman, __ F.3d __, 2011 WL 635274, *5 n.7 (3d Cir. Feb. 9, 2011). Any party opposing the appeal may file their response to the appeal in accordance with Local Civil Rule 72.C.2.

_____
Lisa Pupo Lenihan
Chief U.S. Magistrate Judge

Dated: March 31, 2011

cc: Thomas G. Parry
JN-2161
SCI Mahoney
301 Morea Road
Frackville, PA 17931

All Counsel of Record via CM-ECF