IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS G. PARRY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-1308 |
| | ) | |
| vs. | ) | |
| | ) | |
| WESTMORELAND COUNTY; ERIC ZONAS; THOMAS GRACE; and DEBRA ANN PEZZE, | ) ) ) | Judge Terrence F. McVerry/ Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| Defendants. | ) | re ECF Nos. [38]; [41] & [42] |

## MEMORANDUM ORDER

The above-captioned pro se prisoner civil rights complaint was received by the Clerk of Court on October 7, 2010, and was referred to Chief Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Chief Magistrate Judge Lenihan's Report and Recommendation, ECF No. [38], filed on March 31, 2008, recommended that Defendant Zona's motion to dismiss be granted and that the federal claims be dismissed with prejudice and that the Court decline to exercise supplemental jurisdiction over the State law claims. Plaintiff was informed that, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the local rules, he had a specific period of time in which to file his objections. On April 18, 2011, the Court received two filings from Plaintiff. One was a motion to stay this case pending disposition of Plaintiff's appeal to the Superior Court in his PCRA proceedings. ECF No. [41]. The second was Plaintiff's objections. ECF No. [42].

The Report found that Plaintiff's claims of malicious prosecution were barred because Plaintiff's claims of malicious prosecution were based on establishing that Trooper Zona lacked reasonable suspicion or probable cause to stop the car, which required this Court to examine this question and inevitably required this Court to review the Suppression Court's finding that probable cause did exist, however, this Court is barred from doing so by the *Rooker-Feldman* doctrine. Plaintiff contends in his objections that "Rooker-Feldman should not apply where 'abuse of process' is relevant in this case for wrongful "arrest and imprisonment [] regardless of favorable termination or want of probable cause." ECF No. [42] at 1. Plaintiff does not clearly explain why the bar of Rooker-Feldman does not apply in malicious prosecution cases. The law is clearly to the contrary in that *Rooker-Feldman* does most certainly apply to malicious prosecution cases. See, e.g., Ewing v. O'Brien, 115F.app'x 780 (6th Cir. 2004) (applying *Rooker-Feldman* to bar malicious prosecution and abuse of process claims); Ellis v. CAC Financial Corp., 6 F.App'x 765 (10th Cir. 2001) (same). It appears that Plaintiff is arguing because the Trial Court found Plaintiff not guilty of the Careless Driving charge, the Trial Court essentially overturned the Suppression Court's finding of probable cause. See ECF No. [42] at 2 to 3. However, the Report adequately addressed this argument and correctly found that the Trial Court's exoneration of Plaintiff regarding the Careless Driving charge did nothing to the Suppression Court's finding of probable cause to stop the car based upon the Trooper's reasonable belief that Plaintiff had violated the Careless Driving statute. ECF No. [38] at 8 to 9. Moreover, we note that if Plaintiff were right that the Trial Court overturned the Suppression Court's finding of probable cause that justified the initial stop, then Plaintiff's argument that all subsequent evidence obtained ought to have been suppressed should have persuaded the Trial Court to, in fact, suppress such evidence. The Trial Court did not suppress any evidence and

found Plaintiff guilty of crimes based on evidence obtained solely via Trooper Zona's stopping of Plaintiff's car. That the Trial Court did not suppress any evidence and did find Plaintiff guilty of crimes based on evidence derived from the stop conclusively establishes that the Trial Court did not overturn the Suppression Court's finding that Trooper Zona possessed probable cause/reasonable suspicion so as to justify the initial stop of the car.

Plaintiff's objections do nothing to undermine the reasoning of the Report or to merit its rejection.

Accordingly, after *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 29th day of April, 2011,

IT IS HEREBY ORDERED that Plaintiff's federal law claims are dismissed for failure to state a claim upon which relief can be granted, and Defendant Zona's motion to dismiss, ECF No. [20], is **GRANTED**. The Court declines to exercise supplemental jurisdiction over Plaintiff's State law claims.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. [38], filed on March 31, 2011, by Chief Magistrate Judge Lenihan, is adopted as the opinion of the Court, as supplemented by this Memorandum Order.

IT IS FURTHER ORDERED that Plaintiff's motion to stay, ECF No. [41], is **DENIED**.

The Clerk is to mark the case closed.

s/ Terrence F. McVerry  
Terrence F. McVerry  
U.S. District Judge

cc: The Honorable Lisa Pupo Lenihan
   Chief United States Magistrate Judge

THOMAS G. PARRY
JN-2161
SCI Mahanoy
301 Morea Road
Frackville, PA 17931

All Counsel of Record via ECF